Thomas F. Ahearne, WSBA No. 14844
Christopher G. Emch, WSBA No. 26457
Adrian Urquhart Winder, WSBA No. 38071
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
(206) 447-4400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WENATCHEE, a Washington municipal corporation, <br><br> Defendant. | No. _____ <br><br> COMPLAINT FOR DECLARATORY JUDGMENT |

COMPLAINT FOR DECLARATORY JUDGMENT – 1
Case No.

FG: 100688569.7

## UNDERLYING FACTS

1.   The plaintiff BNSF Railway Company is an interstate, common carrier railroad.  Its rail network includes 32,500 route miles connecting 28 states and 3 Canadian provinces.  BNSF's rail network has more than 25,000 grade crossings – including over 2,000 in the State of Washington.

2.   The defendant City of Wenatchee plans to install and maintain modified physical structures where one of the City's roads crosses one of plaintiff's interstate tracks.

3.   The defendant City is using federal funds to pay 90% of the City's cost to install those physical structures.

4.   The City submitted a petition to the Washington Utilities & Transportation Commission requesting an order requiring the plaintiff interstate railway to pay 100% of the City's future costs of maintaining the physical structures that the City installs.

5.   The City's demand that the plaintiff interstate railway pay 100% of the City's future costs of maintaining the physical structures the City installs is based on a provision in RCW 81.53.295 – specifically, the sentence in that statute stating that if the City uses federal funds to pay a portion of the City's cost to install

COMPLAINT FOR DECLARATORY JUDGMENT – 2
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

such physical structures, the interstate railroad must thereafter pay 100% of the City's costs to maintain what the City installed.

6. The plaintiff interstate railway contends that the RCW 81.53.295 provision relied upon by the defendant City is unconstitutional. The plaintiff interstate railway bases its contention on three sections of the federal constitution: the supremacy clause, the due process clause, and the interstate commerce clause.

7. The Washington Utilities & Transportation Commission has previously ruled that "Because the Commission is not a court, it lacks authority to declare RCW 81.53.295 unconstitutional." *City of Spokane Valley v. Union Pacific Railroad Company*, 2022 WL 251889 at *3, ¶16 (Wash. U.T.C. Jan. 24, 2022).

8. The Washington Utilities & Transportation Commission has previously ruled that "The Washington Supreme Court has long held that 'an administrative body does not have authority to determine the constitutionality of the law it administers; only the courts have that power.' " *City of Spokane Valley v. Union Pacific Railroad Company*, 2022 WL 251889 at *3, ¶16 (Wash. U.T.C. Jan. 24, 2022).

COMPLAINT FOR DECLARATORY JUDGMENT – 3
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

9. A court, rather than the Commission, is therefore the forum that must determine the constitutionality of the RCW 81.53.295 provision upon which the defendant City relies.

10. The plaintiff interstate railway accordingly files this Complaint seeking a declaratory judgment on this matter's dispositive legal issue: i.e., whether the RCW 81.53.295 provision upon which the defendant City relies is constitutional.

11. In order to secure a timely resolution, this Complaint also seeks a speedy hearing pursuant to Fed. R. Civ. P. 57 ("The court may order a speedy hearing of a declaratory-judgment action.").

**PARTIES**

12. In this Complaint, the term "BNSF" means the plaintiff BNSF Railway Company (formerly known as the Burlington Northern Santa Fe Railway).

13. BNSF is the product of nearly 400 different railroad lines that combined over the course of 170 years.

14. BNSF is a Delaware corporation with its principal place of business located in Fort Worth, Texas.

15. In this Complaint, the term "the City" means the defendant City of Wenatchee.

COMPLAINT FOR DECLARATORY JUDGMENT – 4
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

16. The City is a Washington municipal corporation with its principal place of business located in Wenatchee, Washington.

## JURISDICTION & VENUE

17. This Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") and 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.").

18. The defendant City is subject to this Court's personal jurisdiction.

19. A substantial part of the events giving rise to plaintiff's claim in this action occurred in the Eastern District of Washington.

20. A substantial part of the plaintiff's property that is the subject of this action is located in the Eastern District of Washington.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

COMPLAINT FOR DECLARATORY JUDGMENT – 5
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

**FEDERAL RULE OF CIVIL PROCEDURE 5.1**
**NOTICE OF CONSTITUTIONAL QUESTION**

22. RCW 81.53.295 states as follows:

> Whenever federal-aid highway funds are available and are used to pay a portion of the cost of installing a grade crossing protective device, and related work, at a railroad crossing of any state highway, city or town street, or county road at the then prevailing federal-aid matching rate, the grade crossing protective fund shall pay ten percent of the remaining cost of such installation and related work. The state or local authority having jurisdiction of such highway, street, or road shall pay the balance of the remaining cost of such installation and related work. The railroad whose road is crossed by the highway, street, or road shall thereafter pay the entire cost of maintaining the device.

23. This Complaint draws into question the constitutionality of the above State statute's requirement that the plaintiff interstate railroad must pay 100% of future maintenance costs when federal-aid highway funds are used.

24. The plaintiff interstate railroad accordingly submits this notice of constitutional question pursuant to Fed. R. Civ. P. 5.1(a).

25. This Complaint, including the above Fed. R. Civ. P. 5.1 notice of constitutional question, has been served upon the Washington Attorney General in compliance with Fed. R. Civ. P. 5.1(a)(2). (This rule requires service on the Washington State Attorney General either by certified or registered mail or by

COMPLAINT FOR DECLARATORY JUDGMENT – 6
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

sending it to an electronic address designated by the Washington Attorney General for this purpose.)

26. Fed. R. Civ. P. 5.1(b) states that this Court must, under 28 U.S.C. § 2403, certify to the Washington Attorney General that a Washington State statute has been questioned.

27. Fed. R. Civ. P. 5.1(c) allows the Washington Attorney General to intervene within 60 days after this Complaint and Fed. R. Civ. P. 5.1 notice is filed, and states that this Court may not enter final judgment holding the State statute unconstitutional until that 60-day time period expires.

## **DECLARATORY JUDGMENT CLAIM**
### **Supremacy Clause**

28. Article VI, §2 of the United States Constitution is commonly referred to as the supremacy clause.

29. Article VI, §2 of the United States Constitution states:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

30. The RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the supremacy clause.

COMPLAINT FOR DECLARATORY JUDGMENT – 7
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG: 100688569.7

31. One reason that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the supremacy clause is that federal law (e.g., the Interstate Commerce Commission Termination Act ("ICCTA") and federal CFR regulations) occupy the field with respect to the maintenance costs that an interstate railway must bear.

32. A second, independent reason that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the supremacy clause is that the 100% maintenance cost allocation to interstate railways mandated by this State statute conflicts with federal law governing the allocation of costs to an interstate railway (e.g., ICCTA and federal regulations – including, but not limited to, 23 C.F.R. §646.210(a) & (b)(1)).

33. This Court should uphold and enforce the federal constitution. This Court should accordingly issue a declaratory judgment that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the federal supremacy clause.

## Due Process Clause

34. Section 1 of the 14th Amendment to the United States Constitution is commonly referred to as the due process clause.

COMPLAINT FOR DECLARATORY JUDGMENT – 8
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

35. Section 1 of the 14th Amendment to the United States Constitution states:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

36. The RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the due process clause.

37. One reason that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the due process clause is that the 100% maintenance cost allocation to interstate railways mandated by this State statute deprives the plaintiff interstate railway of its property without due process. That is because it blindly imposes a 100% allocation on the plaintiff interstate railway without any consideration or regard for the specific facts and circumstances relating to the maintenance costs it requires plaintiff to pay. In other words, it arbitrarily and capriciously takes plaintiff's property.

38. This Court should uphold and enforce the federal constitution. This Court should accordingly issue a declaratory judgment that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the federal due process clause.

COMPLAINT FOR DECLARATORY JUDGMENT – 9
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

## Interstate Commerce Clause

39. Article I, §8, clause 3 of the United States Constitution is commonly referred to as the interstate commerce clause.

40. Article I, §8, clause 3 of the United States Constitution states:

> The Congress shall have the power to ... regulate commerce with foreign nations, and among the several states, and with the Indian tribes.

41. The RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the interstate commerce clause.

42. One reason that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the interstate commerce clause is that this statute's blindly imposing a 100% allocation on interstate railroads connecting this State to other States, without any consideration or regard for the specific facts and circumstances relating to the maintenance costs it 100% allocates, is an unreasonable and undue burden on interstate commerce.

43. This Court should uphold and enforce the federal constitution. This Court should accordingly issue a declaratory judgment that the RCW 81.53.295 provision upon which the defendant City relies is unconstitutional under the interstate commerce clause.

COMPLAINT FOR DECLARATORY JUDGMENT – 10
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7

**Speedy Hearing**

44. To provide a timely ruling, this Court should order a speedy hearing of this declaratory judgment action pursuant to, *inter alia*, Fed. R. Civ. P. 57.

**PRAYER FOR RELIEF**

BNSF respectfully requests that the Court grant the following relief:

1. a speedy hearing of this declaratory judgment action;

2. a declaratory judgment that the State statute upon which the defendant City relies is unconstitutional;

3. such other relief that the Court deems just and proper, including (but not limited to) an award of the plaintiff interstate railway's costs and attorney fees to the extent allowed by law.

COMPLAINT FOR DECLARATORY JUDGMENT – 11
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG: 100688569.7

RESPECTFULLY SUBMITTED this 3rd day of November, 2022.

FOSTER GARVEY PC

*/s/ Thomas F. Ahearne*
Thomas F. Ahearne, WSBA #14844
Christopher G. Emch, WSBA #26457
Adrian Urquhart Winder, WSBA #38071
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email:  ahearne@foster.com
          chris.emch@foster.com
          adrian.winder@foster.com

*Attorneys for Plaintiff BNSF Railway Company*

COMPLAINT FOR DECLARATORY JUDGMENT – 12
Case No.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG: 100688569.7