UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>                       Plaintiff,<br><br>   v.<br><br>CITY OF WENATCHEE, a Washington municipal corporation,<br><br>                       Defendant,<br><br>and<br><br>ANN RENDAHL, MILT DOUMIT, and DAVE DANNER, Commissioners of the Washington Utilities and Transportation Commission,<br><br>                       Intervenors. | NO: 2:22-CV-0263-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT are the Intervenor's Motion to Dismiss and the City of Wenatchee's Motion to Dismiss. ECF Nos. 10, 12. These matters were

ORDER OF DISMISSAL ~ 1

submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, the motions to dismiss are granted.

**A.    Background Information**

Plaintiff BNSF Railway Company is an interstate, common carrier railroad with 32,500 miles of track connecting 28 states and 3 Canadian provinces, and over 25,000 grade crossings – including over 2,000 in the State of Washington. ECF No. 1 at 2. Defendant City of Wenatchee plans to install and maintain new devices where one of its roads crosses Plaintiff's interstate railway track. The City is (1) taking federal funds to pay 90% of the cost of the City's installation work, and (2) demanding that RCW 81.53.295 requires Plaintiff to forever pay 100% of the cost of the City's maintenance work. Id. at 2-3. This is a facial challenge to the operative statute, no individualized facts have been presented to the Court. BNSF seeks a declaration that the maintenance allocation required by RCW 81.53.295 is either preempted or unconstitutional. Specifically, BNSF seeks a declaratory judgment that the above *per se* economic charge is unconstitutional for three separate and independent reasons:

(1) it deprives plaintiff of property without due process;

(2) it imposes an unconstitutional burden on interstate commerce; and

(3) it contradicts federal law governing the use of federal funds for road

crossing projects (as well as the federal statute governing economic charges imposed on interstate railroads).

B. **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is

ORDER OF DISMISSAL ~ 3

limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### C. Due Process

Plaintiff explains that the Due Process Clause "prohibits RCW 81.53.295 from depriving plaintiff of property without due process of law." ECF No. 13 at 12. Plaintiff contends that a local jurisdiction can force the railroad to "pay 100% of whatever maintenance work" "the local jurisdiction wishes to incur." *Id*. Plaintiff contends that RCW 81.53.295 mandates the railroad "to hand the local jurisdiction a perpetual blank check to forever pay 100% of whatever maintenance costs the local jurisdiction wishes to incur". *Id*. at 13-14.

RCW 81.53.295 provides as follows:

> Whenever federal-aid highway funds are available and are used to pay a portion of the cost of installing a grade crossing protective device, and related work, at a railroad crossing of any state highway, city or town street, or county road at the then prevailing federal-aid matching rate, the grade crossing protective fund shall pay ten percent of the remaining cost of such installation and related work. The state or local authority having jurisdiction of such highway, street, or road shall pay the balance of the remaining cost of such installation and related work. The railroad whose road is crossed by the highway, street, or road shall thereafter pay the entire cost of maintaining the device.

ORDER OF DISMISSAL ~ 4

However, BNSF ignores that the statutes provide that the railroad must receive notice and an opportunity to be heard before the Commission decides whether installation of crossing devices is necessary and that hearing provides it due process. *See* RCW 81.53.261. "The Commission shall also at said hearing apportion the entire cost of installation and maintenance of such signals or other warning devices" as provided in RCW 81.53.271. *Id*. Furthermore, the Commission's decision is subject to judicial review. RCW 81.53.170.

BNSF's argument that the local jurisdiction can independently force the railroad to write a blank check is not correct. The railroad receives notice and an opportunity to be heard by the Commission and the railroad can appeal the Commission's decision in the courts.

The Supreme Court of the United States has consistently held that improvements instituted by local transportation needs that further safety and convenience, "in the exercise of the police power, the cost of such improvements may be allocated all to the railroads." *Atchison, T. & S.F. Ry. Co. v. Pub. Util. Comm'n of Cal.*, 346 U.S. 346, 352 (1953). The Supreme Court noted "[h]aving brought about the problem, the railroads are in no position to complain". *Id*. at 353.

Without any individualized facts to proceed under, BNSF has not shown "arbitrariness or unreasonableness" in the Commission's orders. Accordingly,

ORDER OF DISMISSAL ~ 5

Plaintiff's argument regarding *Nashville, C. & St. L. Ry. v. Walters*, 294 U.S. 405 (1935), which turned on the cost allocation under the "special facts" advanced by the Tennessee commission are inapplicable to this facial challenge to the statute.

Plaintiff's Due Process claim fails.

### D.  Interstate Commerce Clause

Plaintiff contends that the 100% payment mandate for maintenance costs required by RCW 81.53.295 violates the interstate commerce clause. Plaintiff contends this issue cannot be ruled on as a matter of law, but rather must be ruled on based on the facts of each case.

First, there are no facts plead in this case, it is a facial challenge to the statute. Next, it is worth noting that the Commission's decisions are appealable to the courts. Finally, the Supreme Court of the United States has stated that "in the exercise of the police power, the cost of such improvements may be allocated all to the railroads." *Atchison,* 346 U.S. at 352. The Supreme Court went on to say that "if the Commission has the right to order these improvements and has not, in allocating the costs, acted so arbitrarily as to deprive the railroads of their property without due process of law, the fact that the improvements may interfere with interstate commerce is incidental. . . . . 'To engage in interstate commerce the railroad must get on to the land and to get on to it must comply with the conditions imposed by the State for the safety of its citizens.'" *Id*. at 355 (citation omitted).

ORDER OF DISMISSAL ~ 6

Plaintiff's Interstate Commerce argument fails.

**E.    Preemption Under Federal Law**

Plaintiff contends that the Interstate Commerce Commission Termination Act of 1995 (ICCTA) preempts RCW 81.53.295 and that the Federal Rail Safety Act (FRSA) does not apply.  Specifically, Plaintiff contends that if any federal-aid is used to eliminate hazards at railroad crossings, the railroad cannot bear the cost under 23 C.F.R. § 646.210(a) and (b).

According to RCW 81.53.295, the railroad is not charged for the construction costs if federal-aid highway funds are "available and used to pay" a portion of installing protective devices.  Plaintiff next contends that it cannot be charged for maintenance.  However, according to 23 C.F.R. § 646.210(b)(1) "Projects for grade crossing improvements are deemed to be of no ascertainable net benefit to the railroads and there shall be no required railroad share of the costs."  The plain wording of the regulation specifies "crossing improvements" not maintenance.  Therefore, this regulation does not preempt RCW 81.53.295 for maintenance costs.

Other courts have held that FRSA governs the preemption question, not the ICCTA.  *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 107, 108 (2d Cir. 2009); *Iowa, Chicago, & E. R.R. Corp. v. Washington County*, 384 F.3d 557, 559-60 (8th Cir. 2004).

The other cases cited by Plaintiff are not on point and do not support its arguments.

RCW 81.53.295 is not preempted by any federal statute or regulation.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The Intervenor's Motion to Dismiss and the City of Wenatchee's Motion to Dismiss, ECF Nos. 10, 12, are **GRANTED**.

The District Court Executive is hereby directed to enter this Order, enter Judgment accordingly, provide copies to counsel for all parties, and **CLOSE** the file.

DATED January 24, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 8